UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RACHEL O. SMITH

VERSUS

PROGRESSIVE STAMPING AND
PLATING, INC. AND HARDWARE
RESOURCES, INC.

CIVIL ACTION NO. 05-1262

JUDGE HICKS

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Plaintiff Rachel Smith ("Smith") filed the instant lawsuit against her former employer, Defendant Progressive Stamping and Plating, Inc. ("Progressive") for alleged employment discrimination under Title VII and the Pregnancy Discrimination Act.[1] Progressive has filed a motion for partial summary judgment seeking to have Smith's Title VII claims dismissed. See Doc. No. 24. Smith timely opposed the motion, but also filed a motion to continue the hearing on the motion, arguing that further discovery is needed to oppose the pending motion for summary judgment. For the reasons that follow, Smith's motion to continue [Doc. No. 26] is **DENIED.**

**I.     RELEVANT FACTUAL BACKGROUND**

The pending motion for partial summary judgment seeks to have Smith's Title VII sex-based discrimination claims dismissed, contending that Smith failed to exhaust administrative remedies with the Equal Employment Opportunity Commission and that she cannot show severe or pervasive conduct which was based on gender. Progressive's argument that Smith cannot show an actionable hostile environment is based solely on

---

[1]Smith's claims under Louisiana state anti-discrimination law have already been dismissed via summary judgment. See Doc. No. 23.

Smith's response to an interrogatory which asked her to state each and every fact upon which she based her allegation that the defendant "tolerated a sexually offensive and hostile work place." Progressive's motion for summary judgment argues that even assuming every fact that Smith listed in her response were true, she still would not have sufficient evidence to show an actionable hostile environment. Smith then filed the instant motion to continue, which argues that she has not had an opportunity to conduct adequate discovery to oppose the pending motion. Specifically, Smith contends that she needs to depose the alleged harasser and several co-employee witnesses.

## II. LAW AND ANALYSIS

### A. The Standard Under Rule 56(f).

"Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56(f) is his remedy." Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir.1990). To obtain a Rule 56(f) continuance, the nonmovant must present specific facts explaining his inability to make a substantive response as required by Rule 56(e) and by specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. Parude v. City of Natchez, 72 Fed.Appx. 102 (5th Cir. 2003)(citations omitted).

Rule 56(f) places an affirmative burden on the nonmovant to show how the additional discovery will defeat summary judgment and create a genuine dispute as to a material fact. Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285-86 (5th Cir.1990). If the party opposing summary judgment has evidence which has not yet been reduced to admissible form but is germane to the existence of a genuine issue of material fact, then it is proper for the party opposing summary judgment to move for a continuance to permit

affidavits to be obtained or depositions to be taken or discovery to be had. Duplantis v. Shell Offshore, Inc., 1991 WL 240718, at *4 (5th Cir.1991). However, the nonmovant "may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." Washington, 901 F.2d at 1285 (citation omitted).

### B. The Available Discovery.

Progressive's motion for summary judgment is based on Smith's own response to an interrogatory which asked her to state each and every fact upon which she based her allegation that the defendant "tolerated a sexually offensive and hostile work place." Although she objected to the request as over broad, Smith proceeded to respond as best she could. She may not have had precise information as to who was present and the exact dates that events occurred, but surely she knows the conduct of which she complains. Smith's response to the interrogatory was her own articulation of the facts which she believes created a sexually hostile work environment. Smith's claim is her own. The Court cannot fathom how discovery from others could create additional claims for Smith beyond that which she already knows about.

### C. Plaintiff's Need for Further Discovery.

Although the Court believes that the only relevant evidence for the motion for summary judgment is Smith's own complaints, which are taken as true for purposes of the pending motion, the Court will address each of the additional items of discovery which Smith claims she needs before she can adequately oppose the motion for summary judgment.

#### *1. Deposition of Jeff Lowe*

Smith claims that the deposition of the alleged harasser, Jeff Lowe, is necessary to determine his response to her allegations, his level of authority and the company's policy

on sexual harassment. However, Jeff Lowe's response to the allegations is immaterial to the pending motion for summary judgment, since Smith's allegations are taken as true for purposes of that motion. His level of authority is immaterial to whether the conduct of which Smith complains was based on gender or whether it was severe or pervasive enough to rise to the level of an actionable hostile environment. Finally, the company's policy of sexual harassment is only relevant for purposes of determining the availability of the Faragher/Ellerth affirmative defense. If Smith cannot establish an actionable hostile environment as the pending motion for summary judgment argues, then the availability of the affirmative defense is irrelevant. Accordingly, the Court finds that the facts which Smith expects to discover in Jeff Lowe's deposition would not create a genuine issue of fact material to the pending motion for summary judgment.

### *2. Deposition of Tammie Lowe*

Smith claims that the deposition of Tammie Lowe, Jeff Lowe's wife, is necessary because she knows that Smith was instructed to hire only attractive females, the number of times Smith was asked to examine applications to exclude certain females, and the extent of Smith's authorities and duties. Ms. Lowe's corroborating testimony that Smith was instructed to hire only attractive females is immaterial, since Smith's allegations are taken as true for purposes of the pending motion for summary judgment. The exact number of times Smith was asked to examine applications during her brief period of employment is likewise not material to whether the conduct was based on gender or was severe or pervasive. Further, the extent of Smith's authority and duties is immaterial to the pending motion. Accordingly, the Court finds that the facts which Smith intends to discover in Tammie Lowe's deposition would not create a genuine issue of fact material to the pending motion for summary judgment.

### 3. *Deposition of Tracey Long*

Smith claims that Long's deposition is necessary because she witnessed Smith being told that Jeff Lowe wanted a sexually attractive female to be hired as an accounts receivable clerk, because she should be able to testify that Lowe had a bad temper and would throw things and curse, and she would likely have knowledge of "other wrongful discriminatory acts" of Jeff Lowe toward others. Again, Long's corroborating testimony of instructions given to Smith is irrelevant since Smith's allegations must be taken as true for purposes of the motion for summary judgment. Testimony that Lowe had a temper and cursed is not relevant to whether the complained of conduct was based on gender or rose to the level of actionable harassment. Even assuming *arguendo* that Long's expected testify concerning "other wrongful discriminatory acts" toward persons other than Smith would be relevant to whether Smith, the only plaintiff at issue, experienced an actionable hostile working environment, this vague assertion lacks the specificity required by Rule 56(f). Such a "fishing expedition" simply does not warrant a continuance of the hearing on the motion for summary judgment. See Heath v. Southport, Inc., 1992 WL 6285 (E.D. La.1992)(unreported opinion). Accordingly, the Court finds that the facts which Smith intends to discover in Tracey Long's deposition would not create a genuine issue of fact material to the pending motion for summary judgment.

### 4. *Deposition of Rick Ditmer*

Smith claims that Ditmer was present when she was told how to take applications in order to detect the applicant's race or appearance. Smith believes he also likely has knowledge of cursing, which she anticipates included language like "fuck" and "bitch." Ditmer's corroborating testimony about instructions given to Smith is unnecessary, since Smith's allegations assumed to be true for purposes of the motion for summary judgment.

As discussed above, cursing in general is irrelevant to whether Smith personally experienced a hostile work environment. Smith admits that she does not know if Ditmer has knowledge of her experience. Accordingly, the Court finds that the facts which Smith intends to discover from Rick Ditmer would not create a genuine issue of fact material to the pending motion for summary judgment.

## III. CONCLUSION

For the foregoing reasons, the Court finds that Smith has failed to identify any facts which she intends to discover from additional discovery which would create a genuine issue of fact material to the pending motion for summary judgment. While Smith is certainly free to seek such discovery, she has failed to show she is entitled to a continuance of the hearing on the summary judgment under Rule 56(f) until she does so.

Therefore:

**IT IS ORDERED** that the Motion to Continue filed by Smith [Doc. No. 26] is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 29th day of June, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE