UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RACHEL O. SMITH

CIVIL ACTION NO. 05-1262

VERSUS

JUDGE HICKS

PROGRESSIVE STAMPING AND
PLATING, INC. AND HARDWARE
RESOURCES, INC.

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Plaintiff Rachel Smith ("Smith) filed the instant lawsuit against her former employer, Defendant Progressive Stamping and Plating, Inc. ("Progressive") for alleged employment discrimination under Title VII and the Pregnancy Discrimination Act.[1] Progressive has filed a motion for partial summary judgment seeking to have Smith's Title VII claims dismissed. See Doc. No. 24. Progressive has filed a motion to strike certain exhibits submitted by Smith in opposition to the pending motion for summary judgment. Specifically, Progressive moves the Court to strike Smith's charge affidavit to the Equal Employment Opportunity Commission [Doc. No. 28, Exhibit A] and an affidavit executed by Terri Law [Doc. No. 28, Exhibit C]. For the reasons which follow, the Motion to Strike [Doc. No. 30] is **GRANTED IN PART** and **DENIED IN PART.**

I. **MOTION TO STRIKE ON BASIS OF AUTHENTICATION**

Progressive moves to strike both affidavits because they are photocopies instead of originals. Rule 1003 of the Federal Rules of Evidence provides that "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the

---

[1]Smith's claims under Louisiana state anti-discrimination law have already been dismissed via summary judgment. See Doc. No. 23.

duplicate in lieu of the original."  Since Progressive has not presented the Court with any evidence which would raise a genuine question concerning the authenticity of the photocopied affidavits, and since no evidence has been submitted of any circumstances which would render the admission of the photocopies unfair, the Court finds that Progressive's motion to strike the photocopied affidavits is without merit.  Since this is the only basis upon which Progressive seeks to have Smith's charge affidavit stricken, the motion is denied as to that affidavit.[2]

## II. MOTION TO STRIKE ON BASIS OF RELEVANCE.

Progressive also seeks to have Terri Lawe's affidavit excluded as irrelevant.  Lawe worked for Progressive from December 4, 2002 until September 4, 2003.  Since she was terminated two weeks before Smith was hired, the Court has no reason to believe that she would have any personal knowledge of the events of which Smith complains.  Nevertheless, the Court will address the substance of her affidavit to determine its relevancy, if any.

Lawe testifies in her affidavit that Jeff Lowe, Smith's alleged sexual harasser, questioned her about her religion and asked if she minded if he cursed.  [Ex. C at ¶ 5].  She testifies that Lowe would use filthy language such as "mother-fucker" and "God damn."  [Id. at ¶ 6].  She further complains that Lowe made a racially discriminatory remark about the janitor, and would harass her based on her religion and because she would not lie for him.  [Id. at ¶¶ 6-7].  While certainly inappropriate and rude, none of the conduct described by Lawe thus far is even arguably based on gender.

The only portion of Ms. Lawe's affidavit which is remotely gender-related is Paragraph 8, where she testifies that Lowe made "sexually harassing statements" in her

---

[2]It appears from more recent filings [Doc. No. 45-1] that Progressive has withdrawn its objection based on authentication.

presence, talked about the Deja Vu novelty shop, said the office smelled like "dirty crotch," asked someone about when they were going to "monkey-fuck" and referred to his wife's panties. While boorish and crude, there is no indication that any of these conversations took place while Smith was employed (indeed, she was not even hired yet) or that Smith was even aware that they had taken place. More to the point, Smith does not complain of any sexual banter or sexually-charged conversation. To the contrary, Smith complains that Lowe "degraded" women by wanting only slender, attractive employees. Accordingly, the conduct of which Lawe complains is not similar to the conduct of which Smith complains.

Under the circumstances of this case, and given the arguments made in the pending motion for summary judgment, the Court finds that Lawe's affidavit is not relevant to whether the conduct of which Smith complains was based on gender or was severe or pervasive enough to rise to the level of an actionable hostile environment. Accordingly, Progressive's motion to strike her affidavit, submitted in opposition to the pending motion for summary judgment, is **GRANTED.**

### III. CONCLUSION

For the foregoing reasons:

**IT IS ORDERED** that Progressive's Motion to Strike [Doc. No. 30] is hereby **GRANTED** as to the affidavit executed by Terri Lawe [Doc. No. 28, Exhibit C].

**IT IS FURTHER ORDERED** that Progressive's Motion to Strike [Doc. No. 30] is **DENIED** in all other respects.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 30th day of June, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE