UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RACHEL O. SMITH | CIVIL ACTION NO. 05-1262 |
| VERSUS | JUDGE HICKS |
| PROGRESSIVE STAMPING AND PLATING, INC. AND HARDWARE RESOURCES, INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is Plaintiff Rachel Smith's Motion to Reconsider and/or Amend this Court's Grant of Partial Summary Judgment Pursuant to Rule 59(e).[1] [Doc. No. 57]. Smith filed the instant matter against her former employer alleging that she was discriminated against based on her gender and/or pregnancy. Based on the pleadings, the Court believed that Smith was bringing sexual harassment claims pursuant to Title VII and pregnancy discrimination claims pursuant to the Pregnancy Discrimination Act.

The Defendant moved for partial summary judgment on Smith's sexual harassment claim. [Doc. No. 24]. After reviewing the entire record, the Court granted the motion and dismissed all of Smith's claims pursuant to Title VII. [Doc.

---

[1]The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" in those exact terms. See Lavespere v. Niagara Mach. Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1970). However, the Fifth Circuit has held that a motion to reconsider a dispositive pre-trial motion is analogous to a motion to "alter or amend the judgment" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Rule 60(b). See id. A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling. See id.

No. 53].² Plaintiff now seeks to have that judgment amended to dismiss only her sexual harassment claims, preserving any discharge claim she may have under Title VII. Since Smith has clarified that she is also asserting a discharge claim pursuant to Title VII, the Court agrees that the prior judgment was over broad. Accordingly, Plaintiff's Motion to Amend [Doc. No. 57] is **GRANTED.**

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of August, 2006.

---
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

²Although the motion sought to have "all Title VII claims dismissed," the memorandum in support only spoke to Smith's sexual harassment claim. Neither party briefed Smith's discharge claim.